| | |
|---|---|
| KIRBY AISNER & CURLEY, LLP<br>*Attorneys for the Reorganized Debtor*<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>(914) 401-9500<br>Julie Cvek Curley, Esq.<br>jcurley@kacllp.com | **Hearing Date: January 15, 2020**<br>**Hearing Time: 12:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

LAURIE MUNN,                                    Chapter 11
                                                Case No. 11-78529-ast

                            Debtor.
-------------------------------------------------------------X

**NOTICE OF HEARING ON DEBTOR'S MOTION FOR AN ORDER
RE-OPENING HER CHAPTER 11 CASE TO PERMIT THE
DEBTOR TO SEEK APPROPRIATE RELIEF, INCLUDING (I)
ENTRY OF AN ORDER HOLDING WELLS FARGO BANK, N.A. IN
COMTEMPT FOR FAILURE TO COMPLY WITH THE DEBTOR'S
PLAN AND CONFIRMATION ORDER PURSUANT TO THE
PURSUANT TO 11 U.S.C. § 105 AND 1141, AND (II) AN ORDER
<u>DIRECTING WELLS FARGO'S COMPLIANCE WITH THE PLAN</u>**

      **PLEASE TAKE NOTICE**, that Laurie Munn (the "<u>Reorganized Debtor</u>"), the reorganized debtor in the above referenced closed chapter 11 case (the "<u>Chapter 11 Case</u>"), by her attorneys, Kirby Aisner & Curley LLP, will move this Court before the Honorable Alan S. Trust, USBJ, at the United States Bankruptcy Courthouse, Eastern District of New York (Central Islip Division), 290 Federal Plaza, Central Islip, New York 11722 on the 15th day of January, 2020 at 12:00 p.m., or as soon thereafter as counsel may be heard, for an order (i) holding Wells Fargo Bank, N.A. ("<u>Wells</u> <u>Fargo</u>") in contempt for failure to comply with the Plan and Confirmation Order pursuant to 11 U.S.C. §§105 and 1141, and (ii) directing Wells Fargo's compliance with the Plan, together with such other and further relief as is just and appropriate.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be made in writing, filed with the Court on the Court's Electronic Case Filing System, at [www.ecf.nysb.uscourts.gov](www.ecf.nysb.uscourts.gov) (login and password required), with a copy delivered directly to Chambers and served upon: (i) counsel to the Debtor, Kirby Aisner & Curley LLP, 700 Post Road, Suite 237, Scarsdale, New York 10583, Attn: Julie Cvek Curley, Esq., (ii) Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722; (iii) any notices of appearance so as to be received no later than seven (7) days prior to the hearing.

Dated: Scarsdale, New York
December 12, 2019

        KIRBY AISNER & CURLEY LLP
        *Attorneys for the Reorganized Debtor*
        700 Post Road, Suite 237
        Scarsdale, New York 10583
        (914) 401-9500

        By: */s/ Julie Cvek Curley*
            Julie Cvek Curley

| | |
|---|---|
| KIRBY AISNER & CURLEY, LLP<br>Attorneys for the Reorganized Debtor<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>(914) 401-9500<br>Julie Cvek Curley, Esq.<br>jcurley@kacllp.com | **Hearing Date: January 15, 2020**<br>**Hearing Time: 12:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

LAURIE MUNN,                                              Chapter 11
                                                          Case No. 11-78529-ast
                               Debtor.
---------------------------------------------------------------X

**DEBTOR'S MOTION FOR AN ORDER RE-OPENING HER CHAPTER 11
CASE TO PERMIT THE DEBTOR TO SEEK APPROPRIATE RELIEF,
INCLUDING (I) ENTRY OF AN ORDER HOLDING WELLS FARGO
BANK, N.A. IN COMTEMPT FOR FAILURE TO COMPLY WITH THE
DEBTOR'S PLAN AND CONFIRMATION ORDER PURSUANT TO THE
PURSUANT TO 11 U.S.C. § 105 AND 1141, AND (II) AN ORDER
<u>DIRECTING WELLS FARGO'S COMPLIANCE WITH THE PLAN</u>**

**TO:    THE HONORABLE ALAN S. TRUST,
           UNITED STATES BANKRUPTCY JUDGE**

        Laurie Munn (the "<u>Reorganized Debtor</u>" or "<u>Ms. Munn</u>"), the reorganized debtor in the above referenced closed chapter 11 case (the "<u>Chapter 11 Case</u>"), by her attorneys, Kirby Aisner & Curley LLP, submits this motion (the "<u>Motion</u>") pursuant to §§ 105(a) and 350(b) of title 11, United States Code, 11 U.S.C. § 101, et seq. (the "<u>Bankruptcy Code</u>"), to re-open the Reorganized Debtor's Chapter 11 Case to permit the Debtor to seek appropriate relief, including an order (i) holding Wells Fargo Bank, N.A. ("Wells Fargo") in contempt for failure to comply with the Plan and Confirmation Order pursuant to 11 U.S.C. §§105 and 1141, and (ii) directing Wells Fargo's compliance with the Plan. In support of this Motion, the Reorganized Debtor respectfully represents as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2.      The statutory bases for the relief requested herein are §§ 105(a) and 1141(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3.      The Court is respectfully referred to the accompanying Affidavit of Eric J. Mandell, Foreclosure Counsel to the Reorganized Debtor, dated December 9, 2019 (the "Mandell Affidavit") for the detailed background facts, which are summarized below, which is annexed hereto as **Exhibit A**.

4.      Pursuant to the Reorganized Debtor's Third Amended Chapter 11 Plan ("the Plan", Docket No. 58, annexed to the Mandell Affidavit as Exhibit E) which was confirmed by Order dated May 17, 2013 (the "Confirmation Order", Docket No. 74, as amended by Docket Nos. 87 and 93, which is also annexed to the Mandell Affidavit as Exhibit E), the following mortgages encumbering the real property owned by Ms. Munn, located at 60 Skimhampton Road, East Hampton, New York 11937 ("Premises") were to be consolidated to form a single lien encumbering the Premises: (a) April 10, 2003 mortgage in the amount of $1,010,000 (b) May 20, 2003 mortgage in the amount of $656,500.00, and (c) October 26, 2007 mortgage in the amount $254,858.00, (the "Consolidated Mortgage").

5.      The Plan provides, in relevant part, that:

> The Wells Fargo Mortgages should be consolidated for purposes of repayment under the Plan into one loan which shall include all pre-petition amounts due

and all post-petition, non default rate interest and other amounts due under the loans as of the Effective Date. Thereafter, the new principal balance shall be paid, interest only, for a period of five (5) years, at an interest rate of three (3%) percent. Thereafter, the Wells Fargo Mortgage shall be amortized on a twenty-five (25) year amortization schedule at an interest rate of three (3%) percent per annum. In the event of a default, the Wells Fargo Mortgages shall not be deemed consolidated for purposes of Wells Fargo enforcing its state court remedies.

6. Following the issuance of the Plan, and in direct contravention thereof, Wells Fargo continued to send separate monthly statements for the three mortgages instead of one consolidated mortgage statement (Ex. G to the Mandell Declaration).

7. In addition, and notwithstanding the fact that the Consolidated Mortgage was to bear interest at a rate of three percent (3%) per annum, in accordance with the Plan, Wells Fargo failed to adjust the amounts purportedly owed under the Consolidated Mortgage, and continued to charge interest at inflated interest rates, including at the default interest rate, as well as interest on such improperly accrued interest.

8. In an effort to enforce the terms of the Plan, and begin making payments in accordance therewith, Ms. Munn made numerous efforts to contact Wells Fargo to inform and advise it of its failure to consolidate the mortgages and request that it apply the three percent interest directed by the Plan (Ex. F, I, J and K to the Mandell Declaration).

9. As a consequence of Wells Fargo's blatant and deliberate failure to comply with the terms of the Plan, and to correct its errors in the calculation of amounts owed over the past six years, Ms. Munn has been unable to make any payments because the amounts set forth in the various statements sent by Wells Fargo were all incorrect.

10. In November, 2016, Wells Fargo attempted to correct its failure to comply with the Plan by purportedly consolidating the three loans. However, Wells Fargo did not remediate the fact that it had improperly charged interest at the contract rate, and not 3% as required by

3

the Plan, for the previous three years. In addition, Wells Fargo failed to capitalize the past amounts due, as required by the Plan. There were, and continue to be, discrepancies with respect to payment of real estate taxes and insurance, and whether such amounts were capitalized as required.

11. Wells Fargo's failure to comply with the terms of the Plan, and to respond to countless efforts by Ms. Munn to cause compliance, constitutes a willful and contemptuous violation of the Plan.

## Relief Requested

12. The Debtor seeks to re-open this Chapter 11 Case to seeks entry of an order (i) holding Wells Fargo in contempt and an award of sanctions in the form of the Debtor's actual costs and attorneys' fees incurred to re-open the Chapter 11 Case, prosecute this motion, and defense of the foreclosure proceeding, plus punitive damages if this Court believes such are appropriate, and (ii) an order directing Wells Fargo's compliance with the Plan.

**Reopen the Chapter 11 Case**

13. Bankruptcy Code §350(b) permits the Court to reopen a case for cause. It is within the sound discretion of the Court to determine whether "cause" exists to reopen a case. *See, In re Joanne F. Killmer*, 501 B.R. 208, 211 (Bankr. S.D.N.Y. 2013). Cause exists in this case because as set forth in the Mandell Declaration, Wells Fargo has failed and refused to comply with the Plan and Confirmation Order, which contemptuous behavior has unreasonably continued.

**The Plan Provisions**

14. The Plan provides in Section 3.3 for the treatment of the Consolidated Mortgages held by Wells Fargo. Specifically, the Plan states:

4

> 3.3) **CLASS 1** Class 1 consists of the allowed secured claim of Wells Fargo Home Mortgage ("Wells") consisting, as of the Filing Date, of a first mortgage in the amount of $1,043,279.07; a second mortgage - home equity account in the amount of $700,642.18 and a third mortgage - home equity account in the amount of $272,336.84, for an aggregate total of $2,016,258.09 (the "Wells Fargo Mortgages"). The Wells Fargo Mortgages are secured by an interest in the East Hampton Property.
>
> The Wells Fargo Mortgages shall be consolidated for purposes of repayment under the Plan into one loan which shall include all pre-petition amounts due and all post-petition, non default rate interest and other amounts due under the loans as of the Effective Date. Thereafter, the new principal balance shall be paid, interest only, for a period of five (5) years, at an interest rate of three (3%) percent. Thereafter, the Wells Fargo Mortgages shall be amortized on a twenty-five (25) year amortization schedule at an interest rate of three (3%) percent per annum. In the event of a default, the Wells Fargo Mortgages shall not be deemed consolidated for purposes of Wells Fargo enforcing its state court remedies. Wells Fargo shall retain its liens secured by an interest in the East Hampton Property.
>
> Class 1 is impaired and entitled to vote.

See, Plan Sec 3.3, Pages 5-6.

15. The treatment to Wells Fargo was approved by the Confirmation Order:

> That pursuant to the terms stated on the record at the confirmation hearing held on May 8, 2013 and May 16, 2013, the Third Amended Plan of Reorganization (the "Plan"), a copy of which is entered on this Court's electronic case filing system as docket number 58 is hereby confirmed.

See, Confirmation Order ¶1

16. Bankruptcy Code §1141(a) provides that:

> **(a)** Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

5

> **(d)(2)** A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.
> **(3)** The confirmation of a plan does not discharge a debtor if—
> **(A)** the plan provides for the liquidation of all or substantially all of the property of the estate;
> **(B)** the debtor does not engage in business after consummation of the plan; and
> **(C)** the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

17. Accordingly, the Confirmation Order binds the treatment under the Plan, to wit, the Consolidated Mortgages with a repayment of interest only at 3% for the first 5 years, and thereafter an amortized payment on a 25-year amortization schedule at an interest rate of 3%.

**Contempt of the Discharge Injunction**

18. The Debtor seeks assessment of actual damages against Wells Fargo for its willful violation of the discharge injunction and for their disregard and failure to comply with the Confirmation Order, as well as an award of punitive damages, as this Court deems appropriate.

19. Bankruptcy Courts have the inherent power to enforce compliance with their judicial orders through civil contempt proceedings. *See In re Kalikow*, 602 F.3d 82 (2d Cir. 2010) (holding, "the statutory contempt powers given to a bankruptcy court under §105(a) complement the inherent powers of a federal court to enforce its own orders). *See also, In re Frankel (Balaber-Strauss v. Markowitz),* 192 B.R. 623 (Bankr. S.D.N.Y. 1996)(citing numerous cases for the proposition that bankruptcy courts have the inherent power to exercise civil contempt powers to enforce their orders).

20. Here, Wells Fargo has disregarded this Court's Confirmation Order. Its action of ignoring repeated information from the Reorganized Debtor regarding the treatment of its claim under the Plan has resulted in:

      i. Ms. Munn receiving multiple monthly mortgage statements for the three mortgages instead of one consolidated mortgage statement;

      ii. Wells Fargo failed to adjust the amounts owed under the Consolidated Mortgage pursuant to the Plan, and continued to charge interest at inflated interest rates, including at the default interest rate, as well as interest on such improperly accrued interest;

      iii. Ms. Munn has been unable to make any payments because the amounts set forth in the various statements sent by Wells Fargo were all incorrect and Wells Fargo refused to accept the correct payment amount;

      iv. Even after Wells Fargo attempted to correct its failure to comply with the Plan by purportedly consolidating the three loans, Wells Fargo did not remediate the fact that it had improperly charged interest at the contract rate, and not 3% as required by the Plan, for the previous three years.;

      v. Wells Fargo failed to capitalize the past amounts due, as required by the Plan;

      vi. There were, and continue to be, discrepancies with respect to payment of real estate taxes and insurance, and whether such amounts were capitalized as required;

      vii. As a result of Wells Fargo's refusal to accept the payment due it under the Plan, Ms. Munn has been in default and Wells Fargo has commenced a foreclosure proceeding against Ms. Munn, which has cost Ms. Munn significant expense to defend; and

      viii. Over the past six (6) years, Ms. Munn has been suffering from undue mental anguish over Wells Fargo's refusal to accept the mortgage payments and subsequent foreclosure proceeding, all of which was caused by Wells Fargo.

21. If fees and costs associated with vindicating a debtor's rights are reasonable and necessary, a bankruptcy judge's decision to make the violator to pay compensatory damages in the actual amount of the debtor's legal fees is justified. *See, In re Ebadi*, 448 B.R. 308 (Bankr. S.D.N.Y. 2011); *In re Sturman*, 2011 WL 4472412 (S.D.NY.).

22. The Reorganized Debtor believes the legal fees and costs incurred in connection with her defense of the foreclosure action and this motion are reasonable and necessary to address Wells Fargo's failure to comply with the Confirmation Order.

**WHEREFORE**, the Reorganized Debtor respectfully requests that this Court enter an order (i) holding Wells Fargo in contempt for failure to comply with the Plan and Confirmation Order pursuant to 11 U.S.C. §§105 and 1141, and (ii) directing Wells Fargo's compliance with the Plan, together with such other and further relief and may be just under the circumstances.

Dated: Scarsdale, New York
      December 12, 2019

                        KIRBY AISNER & CURLEY LLP
                        Attorneys for the Reorganized Debtor
                        700 Post Road, Suite 237
                        Scarsdale, New York 10583
                        (914) 401-9500


                    By: */s/ Julie Cvek Curley*
                            Julie Cvek Curley