KIRBY AISNER & CURLEY, LLP                *Hearing Date: February 26, 2020*
Attorneys for the Reorganized Debtor       *Hearing Time: 2:30 p.m.*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Julie Cvek Curley, Esq.
jcurley@kacllp.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

LAURIE MUNN,                                    Chapter 11
                                                Case No. 11-78529-ast
                            Debtor.
---------------------------------------------------------------X

**DEBTOR'S REPLY TO THE OPPOSITION OF WELLS FARGO BANK,
N.A. TO THE DEBTOR'S MOTION FOR AN ORDER RE-OPENING HER
CHAPTER 11 CASE TO PERMIT THE DEBTOR TO SEEK APPROPRIATE
RELIEF, INCLUDING (I) ENTRY OF AN ORDER HOLDING WELLS
FARGO BANK, N.A. IN CONTEMPT FOR FAILURE TO COMPLY WITH
THE DEBTOR'S PLAN AND CONFIRMATION ORDER PURSUANT TO
THE  CHAPTER 11 U.S.C. § 105 AND 1141, AND (II) AN ORDER
DIRECTING WELLS FARGO'S COMPLIANCE WITH THE PLAN**

TO:    **THE HONORABLE ALAN S. TRUST,
        UNITED STATES BANKRUPTCY JUDGE**

        Laurie Munn (the "Reorganized Debtor" or "Ms. Munn"), the reorganized debtor in the

above referenced closed chapter 11 case (the "Chapter 11 Case"), by her attorneys, Kirby

Aisner & Curley LLP, submits this reply (the "Reply") to the opposition (the "Opposition")

filed by Wells Fargo, N.A. ("Wells Fargo") to the Debtor's motion (the "Motion") pursuant to

§§ 105(a) and 350(b) of title 11, United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy

Code"), to re-open the Reorganized Debtor's Chapter 11 Case to permit the Debtor to seek

appropriate relief, including an order (i) holding Wells Fargo in contempt for failure to comply

with the Plan and Confirmation Order pursuant to 11 U.S.C. §§105 and 1141, and (ii) directing

Wells Fargo's compliance with the Plan. In support of this Reply, the Reorganized Debtor respectfully represents as follows:

1.      Wells Fargo attacks and opposes the Debtor's Motion, criticizing the Debtor for waiting five years to file the Motion, while at the same time acknowledging that they did not comply with the Plan. The Motion was filed because Wells Fargo filed for Summary Judgment in the foreclosure proceeding.

2.      Wells Fargo further criticizes the Debtor for "dual tracking" this issue; however, Wells Fargo has been prosecuting and pursuing a state court foreclosure action and filed a motion for summary judgment, leaving the Debtor had no alternative but to file responsive pleadings in the state court foreclosure proceeding.

3.      Wells Fargo then misconstrues to the Court that the Debtor merely filed the Motion as a tactic to leverage Wells Fargo to offer a loan modification. That is untrue. All the Debtor wants is for Wells Fargo to comply with the Confirmation Order.

4.      The Debtor asserts that this Court is the appropriate forum to address Wells Fargo's violation of the Confirmation Order.

5.      A bankruptcy court may exercise post-confirmation jurisdiction if jurisdiction exists under 28 U.S.C. § 1334, "the matter has a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan and . . . the plan provide[s] for the retention of jurisdiction over the dispute." *Ace Am. Ins. Co. v. DPM Holdings Corp. (In re DPH Holdings Corp.)*, 437 B.R. 88, 97 (S.D.N.Y. 2010) (citation and internal quotation marks omitted).

6.      Once a Chapter 11 plan has been confirmed, "the Bankruptcy Court's jurisdiction shrinks . . . ." *Lothian Cassidy, LLC v. Lothian Exploration and Dev. II, LLP,* 487 B.R. 158, 162 (S.D.N.Y. 2013) (citing *DPH Holdings*, 437 B.R. at 97). *See Penthouse Media Grp. v. Guccione (In re Gen. Media Inc.)*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005) (observing that "Section 1334 does not expressly limit the bankruptcy court's jurisdiction following plan confirmation. Nevertheless, all courts that have addressed the question have ruled that once confirmation occurs, the bankruptcy court's jurisdiction shrinks.").

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 because it calls into question Wells Fargo's compliance with the Plan, and accordingly, it is appropriate to re-open this Chapter 11 Case to determine the Motion.

**WHEREFORE**, the Reorganized Debtor respectfully requests that this Court enter an order (i) reopening the Chapter 11 Case, (ii) holding Wells Fargo in contempt for failure to comply with the Plan and Confirmation Order pursuant to 11 U.S.C. §§105 and 1141, (iii) directing Wells Fargo's compliance with the Plan, and (iv) imposing the automatic stay of the foreclosure action, together with such other and further relief and may be just under the circumstances.

Dated: Scarsdale, New York
      February 24, 2020

                              KIRBY AISNER & CURLEY LLP
                              Attorneys for the Reorganized Debtor
                              700 Post Road, Suite 237
                              Scarsdale, New York 10583
                              (914) 401-9500

                              By: */s/ Julie Cvek Curley*
                                  Julie Cvek Curley